UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA - LAKE CHARLES DIVISION

| | | |
|---|---|---|
| RICHARD HOLLYFIELD | * | CIVIL ACTION NO: 17-84 |
| | * | |
| v. | * | JUDGE PATRICIA MINALDI |
| | * | |
| DR. JACK HURST;                    ; | * | MAGISTRATE JUDGE |
| NURSE JACKSON; AND | * | KATHLEEN KAY |
| MEDICAL ADMINISTRATOR JUSTIN DEVILLE | | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**AMENDED COMPLAINT FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, comes Mr. RICHARD HOLLYFIELD, for all injuries incurred as a result of the actions of Defendant in deliberate indifference to constitutional rights or other causes as follows:

1.

Jurisdiction

The jurisdiction of this Honorable Court is invoked Pursuant to 28 USC § 1331 "Federal Question" accordingly Plaintiff specifically seeks relief pursuant to 28 USC § 1983, et seq., and the Constitution of the United States for injuries, damages and other losses as well as supplemental jurisdiction pursuant to 28 USC § 1367 over all state law claims.

2.

EXHAUSTION

The refusal to provide medical in May 2016 and ran through September 19, 2016.. Administrative remedies were initiated and accepted on June 29, 2016, by ALC-2016-418, 419 and 504.  ALC-2016-418 was exhausted through 2nd step on September 13, 2016. ALC-2016-419 was exhausted on August 29, 2016.  ALC-2016-504 was accepted on August 16, 2016, and reached 2nd Step on November 17, 2016.

3.

Venue

Venue is proper pursuant to 28 USC § 1391 (b)(1)(2) in that the defendants resides in or around Allen Parish and a substantial part of the events or omissions giving rise to the

claims herein occurred in this judicial district.

4.

Parties

**PLAINTIFF**:

**RICHARD HOLLYFIELD** is a major who during material times herein was incarcerated in the ALLEN PARISH CORRECTIONAL CENTER, DOC #279394, and who was an inmate at that facility where he sustained injuries but who is presently housed at Raymond LaBorde Correctional Center

5.

**DEFENDANTS**

**DR. JACK HURST**, who is sued in his individual capacity and a resident of the full age of majority domiciled in the Parish of Allen, State of Louisiana, and working at Allen Correctional Center and who was acting under color of state law when he failed and refused to provide medical treatment in view of a serious medical condition and who is sued in his individual capacity an who is amenable to process personal or in his absence on any employee of suitable age and discernment located at his place of employment, the Allen Correctional Center, located at 3751 Lauderdale Woodyard Road, Kinder, La 70648.

**NURSE JACKSON**, who is sued in her individual capacity and a resident of the full age of majority domiciled in the Parish of Allen, State of Louisiana, and working at Allen Correctional Center and who was acting under color of state law when she failed and refused to provide medical treatment in view of a serious medical condition and who is sued in her individual capacity an who is amenable to process personal or in her absence on any employee of suitable age and discernment located at her place of employment, the Allen Correctional Center, located at 3751 Lauderdale Woodyard Road, Kinder, La 70648.

**MEDICAL ADMINISTRATOR JUSTIN DEVILLE**, who is sued in his individual capacity and a resident of the full age of majority domiciled in the Parish of Allen, State of

2

Louisiana, and working at Allen Correctional Center and who was acting under color of state law when he failed and refused to provide medical treatment in view of a serious medical condition and who is sued in his individual capacity an who is amenable to process personal or in his absence on any employee of suitable age and discernment located at his place of employment, the Allen Correctional Center, located at 3751 Lauderdale Woodyard Road, Kinder, La 70648.

6.

## GENERAL ALLEGATIONS

On May 13, 2016, RICHARD HOLLYFIELD was being treated at the University of New Orleans Medical Center when he was attacked by a resident who grabbed his scrotum during a medical examination for a hernia repair issue and crushed it.

7.

After this injury on May 31, 2016, RICHARD HOLLYFIELD was transferred from Elayn Hunt Correctional Center to Allen Correctional Center.  At the transfer, RICHARD HOLLYFIELD was in severe pain and with serious injuries.  A surgeon had ordered specific treatment for RICHARD HOLLYFIELD, which the Defendants refused to render.  Medical Director Justin Deville and Dr. Jack Hurst determined to discontinue any and all pain medication and treatments that had been prescribed by the surgeon.  ALC did not provide the scrotal suspensory until July 29, 2016.  RICHARD HOLLYFIELD repeatedly requested that the medication prescribed to him by his treating surgeon be provided.

8.

On May 13 and MAY 23, 2016, RICHARD HOLLYFIELD was ordered by the surgeon and prescribed to wear a scrotal suspensory designed to prevent further injury and pain.

9.

The surgeon had prescribed treatments to prevent further injury and damage to the

3

scrotum.   Dr. Jack Hurst and Medical Director Justin DeVille refused to order that RICHARD HOLLYFIELD be housed close to medical, which required that he walk across the facility for nine (9) days in severe pain.

10.

On June 6, 2016, RICHARD HOLLYFIELD made sick call, but got no medical attention.

11.

On June 7, 2016, RICHARD HOLLYFIELD was at medical at 2:00 p.m. to seek to see the dentist when he saw Dr. Hurst in the lobby area and asked Dr. Hurst to please move him closer to the cafeteria because of the pain walking caused.   Dr. Hurst told RICHARD HOLLYFIELD that if he brought it up again, he was gonna have more than just his nuts hurting.   This was a threat of physical harm witnessed by Security Officer Mrs. Jones of medical security.`

12.

Dr. Hurst and Nurse Jackson were denying medical attention to other inmates and also leaving those with serious injuries housed in Jupiter to torture them and exposing them to th threat of serious injury from other inmates who were not injured, by placing them in general population.   Standard DOC operating porcedures do not allow the housing of injured inmates with other inmates.

13.

Dr. Hurst refused to issue an order to allow RICHARD HOLLYFIELD to be in a dorm close to medical and the cafeteria.   RICHARD HOLLYFIELD was having to walk to and from Jupiter dorm to eat and to obtain medical while experiencing serious testicular injuries and being denied scrotal support that was prescribed by the surgeon to prevent further injury and control pain.   He did not receive the scrodol suspensory until 7/29/16.

14.

On June 8, 2016, RICHARD HOLLYFIELD made a written complaint and submitted an ARP over the medical condition.  He could feel the intestine sticking out of the edge of the mesh.  His testicles was swollen and painful and he could not walk.

15.

He had made a Self Declared Emergency twice and each time he was turned away by a Nurse Jackson and Dr. Hurst himself.  Dr. Hurst refused to examine him.  RICHARD HOLLYFIELD was begging to receive medical treatment and in excruciating pain.

16.

Three times a day, RICHARD HOLLYFIELD was expected to walk to and from Jupiter to the cafeteria and he was not able to do so.  He missed many meals and suffered considerably when he did walk.

17.

On July 19, 2016, Dr. Chatman wrote an order for RICHARD HOLLYFIELD to received medication for his chronic pain.  Medical Administrator Justin Deville refused the order.  Medical Administrator Justin Deville was fully aware of RICHARD HOLLYFIELD's serious medical conditon, but continuously denied treatment requests and medications.

18.

Captain Sonnier who worked the Jupiter dorm personally wrote out an emergency sick call for RICHARD HOLLYFIELD and allowed him to bring it to the infirmary by wheelchair.

19.

Upon RICHARD HOLLYFIELD's arrival at the infirmary in the wheel chair Nurse Jackson angrily told RICHARD HOLLYFIELD that he could not declare an emergency on himself and she sent him back to Jupiter.

20.

RICHARD HOLLYFIELD went back to Jupiter and reported to Captain Sonnier, who was surprised that Dr. Jack Hurst and Nurse Jackson had denied RICHARD HOLLYFIELD an Emergency Medical visit after he, Captain Sonnier, had sent RICHARD HOLLYFIELD to medical.

21.

Captain Sonnier himself called the Medical Administrator Justin DeVille and explained the nature of the emergency medical attention that was needed.  Justin DeVille told Captain Sonnier to send RICHARD HOLLYFIELD back to the Infirmary.  Justin DeVille was fully aware of the extent of the suffering that RICHARD HOLLYFIELD was being put through.   Captain Sonnier sent RICHARD HOLLYFIELD back to the infirmary in the wheelchair.

22.

Upon arrival, once again Nurse Jackson and Dr. Jack Hurst refused medical. These incidents happened within 30 minutes of each other.  Justin DeVille was aware of this incident and did absolutely nothing.

23.

RICHARD HOLLYFIELD was wheeled back to Jupiter to Captain Sonnier's office.

24.

RICHARD HOLLYFIELD was very upset and Captain Sonnier was angry that the Doctor and Nurse refused medical to a man who could not even walk.  Captain Sonnier called Major Vic and Major Soileau, but was told there was nothing that could be done about the Doctor and the Nurse.

25.

Captain Sonnier told Officer Cooper for her to call medical and tell them to send a wheel chair to bring RICHARD HOLLYFIELD to the cafeteria.  Dr. Jack Hurst refused the

request.  RICHARD HOLLYFIELD was not just being tortured he was being deprived of help to obtain any food.

26.

The next morning, when RICHARD HOLLYFIELD woke, the emergency sick call that Captain Sonnier had written out was sticking out from underneath the mat.  That emergency sick call on June 8, 2016, was written by Captain Sonnier who personally o served the injuries and suffering experience by RICHARD HOLLYFIELD as a result of the denial of medical treatment and deliberate indifference.

27.

Captain Sonnier eventually was able to get classification to move RICHARD HOLLYFIELD to Mercury dorm, because he knew that RICHARD HOLLYFIELD could be further injured if a transfer was not made due to his serious medical condition.

28.

Captain Sonnier advised RICHARD HOLLYFIELD to call his family and report the denials of medical. RICHARD HOLLYFIELD showed Captain Sonnier the bruising and swelling.  It seemed that Captain Sonnier had tried to help as best he could. Captain Sonnier told RICHARD HOLLYFIELD that he could not over ride medical.

29.

On July 13, 2016, RICHARD HOLLYFIELD filed another ARP to be sent to EHCC or an other DOC facility, which would properly treat him for the injuries for which was suffering.  The testicular neuropathy and injury to his left testicle and cord were very painful.  Nurse Jackson would laugh at him when he attempted to see a doctor.  He begged her for help, but was denied any medical assistance.

30.

On August 8, 2016, the EHCC Surgery Clinic again examined RICHARD HOLLYFIELD, reordered the pain medications and treatments, but the Defendants refused

7

to issue or honor the new orders.

31.

RICHARD HOLLYFIELD was tortured with excruciating testicular pain for one hundred and ten (110) days.

32.

Defendants were well aware that RICHARD HOLLYFIELD had a serious medical condition and that he needed to have proper diagnostic testing, be on medication for severe pain and to go to the emergency room immediately, but they refused to send him or authorize same.

33.

All Defendants were well aware of Plaintiff's continuous serious medical condition the entire time, but they refused to provide a wheelchair to prevent further injury and pain.

34.

All Defendants repeatedly denied RICHARD HOLLYFIELD access to a hospital to see a medical doctor.

35.

Defendants took no action to provide appropriate or any emergency medical care.

36.

Each of the Defendants was aware of the serious medical condition and each did nothing and in fact made the pain worse.

37.

The action of DEFENDANTS violated Louisiana law, La. DOC and Allen Correctional Center medical policy and practice in place to protect and pertaining to Medical Care available to inmates.

38.

Louisiana Administrative Code Title 22, Part III, § 2909, entitled *Medical and Health*

*Care* provides as follows:

> A. A licensed physician shall be responsible for the health care program and for the practice of medicine in the institution, and no restrictions shall be placed on the medical judgment of the physician.

> B. All health care shall be provided in accordance with written policies and procedures developed by the physician in charge and endorsed by the administrator.

> D. Treatment given by other than a licensed physician shall be made by trained personnel according to written, standing or direct orders of the physician in charge.

> E. Inmates shall have continuous access to emergency health care by trained personnel and professional medical attention whenever required.

> F. Inmates shall have access to routine health care by a physician within 48 hours after making such request.

> L. Inmates shall be able to report illness or health complaints daily and all reports shall be recorded together with complaint disposition.

39.

These statutory rights were denied by the Defendants to RICHARD HOLLYFIELD.

40.

Defendants exhibited and acted in a manner that was in wanton or reckless disregard or with malice or willfulness to cause injury and violate constitutional rights of an inmate confined to prison.

41.

The Constitution, statutes, rules and regulations enacted to protect inmates were disregarded.

42.

La. R.S. 15:829, which allows the Secretary of the Louisiana Department of Public Safety and Corrections to enact rules and regulations governing inmates and guards, provides that corporal punishment of inmates is forbidden. See also, lac 22:3309 (B) and see Department Regulation No. c-02-006 (6)(b)(c)(d).

A. The secretary of the Department of Public safety and Corrections shall prescribe rules and regulations for the maintenance of good order and discipline for inmates sentenced to the legal custody of the department whether housed in local or state facilities, which rules and regulations shall include procedures for dealing with violations thereof. A copy of such rules and regulations shall be furnished each inmate. **Corporal punishment is prohibited.**

43.

Intentionally causing an inmate to suffer who has a serious medical condition and no resort to medical assistance other than the prison is per se unreasonable behavior.

44.

The following claims for relief are pled collectively and in the alternative.

45.

**INJURIES**

The Plaintiff suffered excruciating physical, mental and emotional injury for which he has sought or should seek and received treatment.  Aggravation of pre-existing injury.

46.

**FIRST CLAIM FOR RELIEF**

**SECTION 1983 VIOLATION OF CIVIL RIGHTS**

**DENIAL OF MEDICAL TREATMENT**

Plaintiffs seek relief pursuant to 42 U.S.C. § 1983.

47.

Due process requires that persons imprisoned are entitled to adequate medical treatment.

48.

Defendant violated MR. RICHARD HOLLYFIELD's 8th Amendment right as an inmate to be free from cruel and unusual punishment pursuant to 42 USC § 1983.  By refusing medical treatment and/or to provide adequate treatment and access to medical facilities, Defendant(s) exceeded constitutional limitations that arose under circumstances that constitute an usual and recurring situation with which a police officer must deal.

Failure and lengthy delays in medical treatment demonstrates a deliberate indifference to a serious medical need on the part of persons charged with the well being of inmates toward the inmate and there is a direct causal link between the constitutional deprivation and the suffering of MR. RICHARD HOLLYFIELD.

49.

## COSTS AND ATTORNEY FEES

Plaintiffs seek relief in the form of attorney's fees and cost pursuant to 42 USC § 1988 and punitive damages pursuant to 28 USC § 1983 and the 28 USC § 2671 et seq. or any other applicable statute.

50.

## SECOND CLAIM FOR RELIEF

## NEGLIGENCE

In the alternative, the DEFENDANT knew or should have known that failure to treat would cause serious personal injury particularly where as here the inmate has a serious testicular injury that was affecting his ability to walk and where in view of this serious medical condition, Defendants denied him access to medical treatment and continue to deny treatment and medication for chronic pain that accompanies this type of injury

51.

Plaintiff seeks relief under La. C.C. arts. 2315 of the Louisiana Civil Code, which injuries were occasioned by the intentional and/or negligent acts and/or omissions of the Defendant(s) herein.

52.

## REQUEST FOR JURY TRIAL

Plaintiff prays for a jury trial on all issues.

WHEREFORE, Plaintiff prays that the Defendants be cited to appear and answer and that after resolution of this matter that this Honorable Court enter Judgment in favor

of the Plaintiff against the Defendants with legal interest from the date of demand as follows:

a.      Severe bodily injuries;

b.      Medical and pharmaceutical expenses and/or lien - past, present, and future;

c.      Disability;

d.      Pain and suffering-past present and future;

e.      Mental anguish and emotional distress-past present and future;

f.      Loss of earning capacity/lose of future wages;

g.      Disfigurement;

h.      Inconvenience;

i.      Loss of ability to participate in normal activities;

j.      All litigation expenses;

k.      For attorneys fees and for costs as may be allowable by law;

l.      For such other relief that the Court may deem just, equitable, or proper.

Respectfully submitted:

/s Donna Grodner
Donna U. Grodner (20840)
GRODNER LAW FIRM
2223 Quail Run, B-1
Baton Rouge, Louisiana 70808
(225) 769-1919 FAX 769-1997
dgrodner@grodnerlaw.com

CERTIFICATE

I hereby certify that on February 15, 2017, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to counsel named below by operation of the court's electronic filing system.  I also certify that I have mailed by United States Postal Service this filing to the parties marked non-CM/ECF participants:

s/Donna U. Grodner
Donna U. Grodner (20840)

GRODNER & ASSOCIATES
2223 Quail Run, B-1
Baton Rouge, Louisiana 70808
(225) 769-1919 FAX 769-1997
Email:dgrodner@grodnerlaw.com